# IN THE COURT OF APPEALS OF IOWA

No. 16-0996
Filed May 17, 2017

**IN RE THE MARRIAGE OF JANIE JO DRAKER-FALCON AND ESTEBAN FALCON**

**Upon the Petition of**
**JANIE JO DRAKER-FALCON, n/k/a JANIE JO DRAKER-RANDALL,**
        Petitioner-Appellee,

**And Concerning**
**ESTEBAN FALCON,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Buchanan County, George L. Stigler, Judge.

        The husband appeals from the district court's denial of his motion to set aside the default judgment. **AFFIRMED.**

        John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

        Gary F. McClintock of McClintock Law Office, Independence, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Janie Draker-Falcon (now known as Janie Draker-Randall) filed a petition for dissolution on December 30, 2010. Her husband, Estaban Falcon, was personally served on January 6, 2011. He did not file a response. Janie then sent Estaban a notice of her intent to file an application for default judgment in January and February. The court entered a default judgment on April 12.

Estaban filed a motion to set aside the default judgment on May 3, 2016—more than five years after it was entered. In his motion, Estaban maintained he had never received Janie's notices of intent to file for default judgment or a copy of the judgment itself. He claimed this constituted "good cause" to set aside the judgment. After a hearing on the motion, the district court denied Estaban's motion, finding it was untimely.

Iowa Rule of Civil Procedure 1.977 provides:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, *but not more than 60 days after entry of the judgment*. Its filing shall not affect the finality of the judgment or impair its operation.

(Emphasis added.) While Estaban claims there is good cause to set aside the judgment, he has not recited—and we have not found—any authority providing an exception to the sixty-day limit found in rule 1.977. Thus, even if we believed Estaban's claims that he was unaware of the default judgment until April 2016 when his wages were first garnished, we cannot say the district court erred in denying his motion to set aside the judgment. We affirm.

**AFFIRMED.**